UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

Plaintiff,

-against-

MAGGIO'S TOWING; "TED LIGHT"/GI
LEASING; JAMAICAN WIFE (RN),

Defendants.

1:26-CV-3751 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Valerie Flores, a citizen of New York, brings this *pro se* action invoking the court's diversity subject matter jurisdiction. She seeks damages and injunctive relief. Plaintiff sues: (1) Maggio's Towing, of Rockford, Illinois; (2) "Ted Light"/GI Leasing, of Arlington Heights, Illinois; and (3) "Jamaican Wife (RN)." For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is located at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue

and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

Plaintiff alleges that Maggio's Towing resides in Rockford, Illinois (ECF 1, at 3), which is located in Winnebago and Ogle Counties, Illinois, within the Northern District of Illinois, *see* 28 U.S.C. § 93(a)(2). She alleges that "Ted Light"/GI Leasing resides in Arlington Heights, Illinois (ECF 1, at 3), which is located in Cook County, Illinois, also within the Northern District of Illinois,[2] *see* § 93(a)(1). Plaintiff does not specify, however, where "Jamaica Wife (RN)" resides. Thus, it is unclear which, if any, federal district court would be a proper venue for this action under Section 1391(b)(1). It is clear, however, that because two of the defendants are not alleged to reside within the State of New York, let alone, within this judicial district,[3] this court is not a proper venue for this action under Section 1391(b)(1).

Plaintiff alleges that the alleged events that are the basis for her claims occurred in Arlington Heights, Cook County, Illinois (ECF 1, at 5), which is within the Northern District of

---

[1] For venue purposes, with respect to the residence of a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[2] Plaintiff asserts that "Ted Light"/GI Leasing is incorporated in Illinois, has its principal place of business somewhere in that State, and is also incorporated in Jamaica. (ECF 1, at 5.)

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

Illinois, *see* § 93(a)(1), and at the Whitney Houston Service Area along the Garden State Parkway and at the Manheim Auto Auction, in Bordentown, New Jersey (ECF 1, at 5), both of which are within the District of New Jersey, *see* 28 U.S.C. § 110. Because Plaintiff alleges nothing to suggest that any of the alleged events occurred within this judicial district, however, it is clear that this court is not a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, Plaintiff alleges nothing to suggest that this court is a proper venue for this action under either Section 1391(b)(1) or (2), and that it is unclear which federal district court, if any, is a proper venue for this action under Section 1391(b)(1). As to which federal district court is a proper venue for this action under Section 1391(b)(2), while Plaintiff alleges that some of the alleged events that are the basis of her claims occurred within the Northern District of Illinois, it appears that a substantial part of the alleged events or omissions giving rise to her claims occurred within the District of New Jersey. (*See* ECF 1, at 4-5.) Accordingly, venue for this action, under Section 1391(b)(2), lies in the United States District Court for the District of New Jersey and, in the interest of justice, the Court transfers this action to that court. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 1, 2026
          New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge